# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

JONATHAN I. HAMILTON,

               Petitioner,    :      Case No. 2:25-cv-01430

  - vs -                     Chief Judge Sarah D. Morrison
                                 Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
  Belmont Correctional Institution,

                           :
               Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Jonathan Hamilton pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 6), the Return of Writ (ECF No. 7), and Petitioner's Reply (ECF No. 10). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 11).

**Litigation History**

On October 20, 2022, the Muskingum County Grand Jury handed down an indictment charging Petitioner with four counts of endangering children, (Counts 1, 8, 12, 17), eight counts of gross sexual imposition with a sexually violent predator specification, (Counts 2-5, 13-14, 18-19), and nine counts of rape with a sexually violent predator specification, (Counts 6-7, 9-11, 15-

1

16, 20-21)(State Court Record , ECF No. 6, Ex. 1).  A trial jury found Petitioner guilty on Counts 2-5, 7, 9-10, 13-16, and 18-21.  The jury returned a not guilty verdict for Counts 1, 6, 8, 11-12, and 17. On April 17, 2023, the trial court sentenced Hamilton to concurrent prison terms of 2 years to life for each gross sexual imposition conviction  and a mandatory term of life in prison without parole for each rape conviction.

With new counsel, Hamilton appealed to the Ohio Fifth District Court of Appeals.  His attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the Fifth District allowed Hamilton sixty days to file a *pro se* brief.  When he failed to file, the Court affirmed. *State v. Hamilton*, 2023-Ohio-4192 (Ohio App. 5th Dist. Nov. 20, 2023).  Hamilton did not file a timely notice of appeal to the Supreme Court of Ohio and his time to do so expired forty-five days later on January 4, 2024.

On December 30, 2024, Petitioner filed two *pro se* petitions for writs of habeas corpus in the Supreme Court of Ohio which that court dismissed February 18, 2025 (State Court Record, ECF No. 6, Exs. 12, 13, 14, 15).  On July 16, 2025, Hamilton, *pro se*, filed a notice of appeal and a motion for leave to file a delayed appeal in the Supreme Court of Ohio. (State Court Record ECF No. 6, Exs. 16-17). On September 16, 2025, the Ohio Supreme Court denied the motion for leave to file a delayed appeal and dismissed the appeal. (State Court Record, ECF No. 6, Ex. 18).

Hamilton filed his Petition in this case on November 18, 2025[1], pleading the following grounds for relief:

**Ground One**: Anders Brief nonfrivolous legal question.

---

[1] Respondent does not contest Hamilton's claim that he placed his Petition in the prison mailing system on that date which then counts as the date of filing.

2

**Supporting Facts:** My appeal attorney did not do his job there are issues regarding my conviction's. The victims did not testify and there was no hearing to determine competency of the complaining witness'

**Ground Two**: Jury Trial sufficiency and weight of the evidence.

**Supporting Facts:** There was never any evidence The whole trial here the prosecution presented 4 witnesses and the defense none. The prosecution presented twenty nine exhibits, none of which were objected to multiple video interviews and various photos and no objections and defense moved the court for an acquittal pursuant to Rule 29 which was overruled T498 and 500.

**Ground Three**: Sentencing Challenge to Appellants Sentence

**Supporting Facts:** The sentences were disproportionate to the seriousness the charged crimes. Trial counsel declined to present any mitigating factors prior to sentencing such as my mental handicap and my drug abuse and lack of education and my claims of innocence.

**Ground Four**: Ineffectiv [sic] assistance of appellate counsel.

**Supporting Facts:** Ineffectiv [sic] assistance of appellate counsel where appellants appointed appellate counsel Chris Brigdon Reg # 0096294 failed to mail me the November 20 – 2023 Appellate court decision. Appellant received the opinion on or about Jun 17-2025 from the Muskingum county court attorney Chris Brigdon Reg No # 0096294.

(Petition, ECF No. 1, PageID 5, 7-8, 10).

## Analysis

### Statute of Limitations

Respondent asserts merits review of the Petition is barred because it was filed after the statute of limitations expired.

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") enacted a statute of limitations applicable to habeas corpus cases brought

3

under 28 U.S.C. § 2254.  That statute is codified at 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the limitations period under §2244(d)(1)(A) as beginning January 5, 2024, and expiring one year later in the absence of any tolling.  Respondent concedes that Petitioner's *pro se* petitions for writ in the Ohio Supreme Court were properly filed collateral attacks on the conviction that tolled the federal limitations statute from their filing on December 30, 2024, until their dismissal on February 18, 2025.  By Respondent's calculation, the time had already run for 360 days before the Ohio Supreme Court filings and therefore expired five days after the dismissal on February 23, 2025.

Hamilton responds "Mr. Hamilton filed a delay appeal in the Supreme Court **on** July 16,

2025. Therefor the time will start from the decision of that regardless of it being denied, making the appeal [habeas] action still timely." (Reply, ECF No. 10, PageID 910).

Under 28 U.S.C. §2244(d)(2), a properly filed collateral attack on a conviction will toll the statute of limitations during its pendency. Assuming Petitioner's motion for a delayed appeal was properly filed, it would have tolled the statute during its pendency from July 16, 2025, until the Supreme Court denied the motion on September 16, 2025[2]. But a properly filed collateral attack only tolls the statute rather than restarting it. *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001) ("although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion."). Hamilton's interpretation of the statute would utterly defeat its purpose[3] because it would allow a habeas petitioner to restart the limitations period just by filing a motion for delayed appeal, regardless of the merits of that motion.

Hamilton also argues that under

> U.S.C.S. Section 2254 case rule 4 prechecked by a judge at the Federal level. By the Respondent arguing this fact and moving to dismiss the case underminds [sic] the court and violates Mr. Hamilton's right to Due Process.

(Reply, ECF No. 10, PageID 910).

In ordering the Warden to answer, Judge Gentry found "that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief

---

[2] See Entry, State Court Record ECF No. 6, Ex. 18.
[3] In interpreting a statute a court should:

> 1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then
> 2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169.

in this Court." (Order, ECF No. 4, PageID 25).  This is standard language almost always found in initial orders to custodians to answer in habeas corpus cases.  Although sometimes habeas petitions are so clearly without merit that they can be dismissed on filing, usually the Court wants to hear what the State has to say.  Although the Court can *sua sponte* dismiss a case filed outside the statute of limitations, *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002), before doing so it must give the Petitioner notice and an opportunity to respond.  *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015).

Judge Gentry did not expressly consider the limitations question and considering it does not undermine her authority for Respondent to raise that issue.

Merits consideration of this case is barred by the statute of limitations and it should be dismissed on that basis.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice as barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 28, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #