**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JONATHAN I. HAMILTON,**

**Petitioner,** : **Case No. 2:25-cv-01430**

**v.** **Chief Judge Sarah D. Morrison**
**Magistrate Judge Michael R. Merz**

**SHELBIE SMITH, WARDEN,**
**BELMONT CORRECTIONAL**
**INSTITUTION,**
:
**Respondent.**

## OPINION AND ORDER

Petitioner Jonathan Hamilton was found guilty of multiple counts of gross sexual imposition and rape after a jury trial in Muskingum County, Ohio. The trial court sentenced him to concurrent prison terms of two years to life for each gross sexual imposition conviction and a mandatory term of life in prison without parole for each rape conviction. After exhausting available state court remedies, he brought this habeas corpus case *pro se* under 28 U.S.C. § 2254.

The matter is before the Court on Petitioner's Objections (Objs., ECF No. 15) to the Magistrate Judge's Report and Recommendation (R&R, ECF No. 12) recommending the Petition be dismissed as barred by the statute of limitations. As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report and Recommendation *de novo* with particular attention to those portions objected to by Petitioner. Petitioner's objections are **OVERRULED**.

## I. ANALYSIS

The Magistrate Judge analyzed the Petition and determined it was filed outside the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 as codified in 28 U.S.C. § 2244(d). (R&R, PAGEID ## 916–19.) Accordingly, the Magistrate Judge recommends the Petition be dismissed as time barred. (*Id.*, PAGEID # 919.) Petitioner objects, yet he does not address the Magistrate Judge's reasoning.

Rather, Petitioner spends seven pages of his Objections arguing that the Court must hold an evidentiary hearing before dismissing his case on a procedural default defense. (Objs., PAGEID ## 923–29.) He then spends five pages arguing the merits of his Petition. (*Id.*, PAGEID ## 929–33.) But the Magistrate Judge did not recommend dismissal based on procedural default and because he found the Petition was time barred, he did not address the merits. Put simply, the Petitioner's arguments do not address the Magistrate Judge's recommendation. And after considering the Report and Recommendation *de novo*, the Court finds no errors in the Magistrate Judge's reasoning.

Petitioner next makes a claim of actual innocence. (*Id.*, PAGEID ## 933–37.) The controlling precedent here is found in the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013):

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the

> new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

*McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013).

*McQuiggin* and prior actual innocence cases from the Supreme Court and the Sixth Circuit speak of "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995)). But Petitioner has presented no *new* evidence at all. Instead, Petitioner points to a lack of DNA evidence and that his victim did not appear at trial. But both were known at his trial, so neither serves as new evidence to support an actual innocence claim. *See, e.g.*, *Jones v. Smith*, No. 5:09 CV 1622, 2010 WL 4838392, *5 (N.D. Ohio Aug. 27, 2010) ("[T]he lack of Jones's DNA in the rape case was known at trial, thus this test cannot serve as the basis for proving actual innocence … since the proof in such cases must be established by *new* evidence not available at trial."). Moreover, Petitioner provides snippets from other cases without explaining their applicability to this case. For example, he writes: "[W]ithout Maureen's testimony Shine-Johnson's testimony is unrebutted. The new evidence used in support meets the actual innocence standard." (Objs., PAGEID # 937.) But the Court fails to see how that is relevant here.

Petitioner next cites to *United States v. Cronic,* 466 U.S. 648, 659 (1984) to argue that he was constructively denied counsel. (Objs., ECF No. 15, PAGEID ## 937–39.) Not only has Petitioner failed to identify how he was effectively denied counsel, but *Cronic* is inapplicable here as it does not address the Magistrate Judge's recommendation (i.e., that the Petition is time barred).

Lastly, Petitioner claims he is entitled to a certificate of appealability because of his assertedly substantial claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. (*Id.*, PAGEID ## 938–40.) But again, effectiveness of counsel has nothing to do with the statute of limitations question.

## II. CONCLUSION

Having considered the Magistrate Judge's Report and Recommendation *de novo* in light of Petitioner's Objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 12) and **OVERRULES** Petitioner's Objections (ECF No. 15). The Clerk will enter judgment dismissing with prejudice the Petition. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**